# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, | Case No. 2:19-cv-01411-APG-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| JAMES S. KENT AS TRUSTEE OF THE 6221 RED PINE TRUST, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Amended Proposed Discovery Plan and Scheduling Order (ECF No. 45), filed on January 22, 2021. This matter is also before the Court on Defendants Red Pine Trust and James Nelson's Motion to Quash (ECF No. 46), filed on January 22, 2021. The Court also considered Plaintiff's Response (ECF No. 48), filed on February 5, 2021, and Defendant's Reply (ECF No. 49), filed on February 12, 2021. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     BACKGROUND**

The parties are familiar with the facts and history of this case; the Court will only repeat them here as necessary. The District Judge decided the pending motions to dismiss on August 28, 2020, which lifted the discovery stay. (ECF No. 39). As such, Plaintiff submits a proposed discovery plan and scheduling order to commence discovery in this matter. Defendants did not participate in the proposed discovery plan filing, but Plaintiff represents that Defendants do not believe the Court's Order (ECF No. 37) staying discovery until Judge Gordon decided the motions to dismiss was clear. Further, Plaintiff clarifies that it never intended to present the plan as a joint plan, which is evinced by the docket withdrawal of the original filing and email correspondence. (ECF No. 48).

However, Defendants do seek an order quashing the subpoena Plaintiff served on North American Financial Corporation and also request that discovery be stayed so they do not need to respond to Plaintiff's requests for admissions. (ECF No. 46). Defendants have filed a Motion for Partial Reconsideration (ECF No. 40) of Judge Gordon's Order. They believe that Judge Gordon overlooked the remaining claim that had been raised for dismissal in the anti-SLAPP Motion and thus, it should not have been found moot. As such, Defendants believe the stay of discovery should remain in place while their partial motion for reconsideration on the anti-SLAPP Motion is decided.

As for the specific discovery served by Plaintiff, Defendants argue that the discovery sought by the subpoena at issue is not time sensitive. Likewise, Defendants claim that Plaintiff's requests for admission can wait for the Court to decide the motion for reconsideration. Further, Defendants contend that the only claim remaining in this case alleges that the Trust perpetrated a fraud on the Court in the Quiet Title Action. They believe that this claim is meritless and Defendant Nelson is not alleged to have been involved or have knowledge of that claim. Defendants allege that Nelson was only named as a necessary party because he was the prior title holder. Accordingly, they argue that his private financial records are not relevant.

Plaintiff responds that NAFC originated the Loan that Freedom currently holds. (ECF No. 48). It claims that all correspondence between NAFC and the Trust at the time of the state court lawsuit is discoverable along with attempts by Nelson to obtain financing through NAFC. Plaintiff also seeks to discover evidence to support its allegation that Nelson represented to NAFC that he was the owner of the property and the Deed of Trust is a valid lien against the property subject to refinancing. Plaintiff contends that it is entitled to conduct discovery on Nelson's inconsistent statements about ownership of the property and his ability to convey a lien to secure a new loan. As such, Plaintiff argues that the Court should not permit Nelson's privacy argument to quash the subpoena when it seeks discovery regarding the bona fide lender position of Freedom and establish the basis of the declaratory relief sought by Freedom. Moreover, it notes that Freedom already possesses Nelson's financial information because it holds a loan on which Nelson is the borrower so there is no confidential information at stake.

Defendants reply that the mandatory anti-SLAPP stay remains in place through the interlocutory appeal. (ECF No. 49). They also argue that Nelson is not a true party to the remaining claim and his privacy rights should be protected. Finally, Defendants seek their fees in having to bring their Motion to Quash.

## II.     DISCUSSION

### a.   Proposed Discovery Plan

The Court's Order (ECF No. 37) that only stayed discovery until Judge Gordon decided the pending motions to dismiss was clear. It ordered the parties to file a proposed discovery plan and scheduling order once Judge Gordon ruled. He did so on August 28, 2020. (ECF No. 39). However, the Court does find that the pending Motion for Partial Reconsideration (ECF No. 40) warrants another stay of discovery. Although unlikely that the District Judge will change his Order, the Court understands Defendants' position that they believe a decision on the merits – rather than mooting it – is needed. More importantly, NRS 41.660(3)(e)(2) expressly contemplates a stay pending the disposition of any appeal. The Motion for Reconsideration is an appeal to the District Judge. The Court will order that a stay of discovery remain in place until Judge Gordon decides the pending Motion (ECF No. 40). At that time, the parties shall meet and confer and file a proposed discovery plan and scheduling order within 14 days of Judge Gordon's Order.

The Court notes that counsel for both sides appear to be having difficulties communicating civilly. On one hand, Defendants should have filed a request for a status conference for a new motion to stay rather than simply insisting a stay of discovery automatically continue. On the other hand, Plaintiff should not have moved forward to serve requests for admissions and third party discovery prior to a discovery plan and scheduling order being entered in this case.

Further, the Court will underscore some issues that the parties should contemplate when filing their next proposed plan. The Court is sensitive to the fact that Defendants did not participate in the proposed discovery plan filed by Plaintiff at this time. However, Plaintiff did make it clear to the Court that it was filing the plan alone, it made three efforts to get Defendants'

input on the plan, and the parties have already conducted a Rule 26(f) conference. Unnecessary jabs at counsel rather than simply presenting the positions of the party is a waste of this Court's time and is not looked upon kindly. Moreover, Defendants argue that the scope of the case has changed due to the fact that five of the six claims were dismissed. However, that significantly streamlines discovery rather than makes the discovery plan more complex. Given these factors, the Court expects the parties to fully participate in the next meet and confer for a proposed plan and that proposed plan should reflect an efficient discovery period and corresponding deadlines. Finally, there is no interim status report deadline in the revised Local Rules and the current Local Rule 26-3 governs requests for extensions or modifications. The parties shall review the revised Local Rules to ensure that they submit a compliant plan next time.

### b. Motion to Quash

Due to the Court extending the stay of discovery, it finds that the deadline for Defendants to respond to Plaintiff's requests for admissions is likewise stayed. The deadline for their responses shall be set for 30 days after a discovery plan and scheduling order is entered in this action. As for the Rule 45 subpoena, Plaintiff shall inform NAFC that it is not to respond to that subpoena. Essentially, Defendants claim that the subpoena to NAFC is not relevant and should be quashed either because discovery should be stayed or because Nelson's financial information should be protected under a privacy interest argument. Plaintiff contends that there is no privacy invasion as it already possesses financial information of Nelson's given that Nelson is a current borrower on a loan with Freedom. Plaintiff also argues that the subpoena seeks information related to its declaratory relief claim as it will show Nelson's interest in the property and goes to Nelson's credibility if he made inconsistent statements in a loan application versus this case.

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* The court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . [or] the proposed discovery is outside the scope permitted by Rule 26(b)(1). Rule 26(b)(2)(C)(i-iii). Further, a court may limit

discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause.  When the discovery at issue is a subpoena on a nonparty, Rule 45 governs.  "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011).

"[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007); *compare In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the "personal right or privilege" standing rule for motion to quash subpoenas).  "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoenas issued to a non-party, especially where the non-party, itself, has not objected." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4.  "A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." Fed.R.Civ.P. 26(c)(1); *see also First Am. Title Ins. Co. v. Commerce Assocs., LLC*, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017).

Given that the Court finds that a stay of discovery shall remain in place until the Motion for Reconsideration (ECF No. 40) is decided, it will grant Defendants' request to quash the subpoena.  However, it is only granting it on that basis – that a stay of discovery is in effect.  The Court declines to get to the merits of the relevance and privacy arguments.  As such, the Court wants to ensure that its ruling is clear – it is not quashing the subpoena permanently.  Plaintiff may issue a new Rule 45 subpoena after discovery commences.  The parties shall meet and confer

prior to seeking court intervention to the extent that they disagree on the subpoena's propriety. As for Defendants' request for fees, the Court finds it not justified to award fees under the circumstances as Plaintiff's position was substantially justified.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Proposed Discovery Plan and Scheduling Order (ECF No. 45) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and file a proposed discovery plan and scheduling order within 14 days of an order on Defendants' pending Motion for Reconsideration (ECF No. 40).

**IT IS FURTHER ORDERED** that Defendant Red Pine Trust and James Nelson's Motion to Quash (ECF No. 46) is **granted in part and denied in part**.

DATED: February 16, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE